UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:   RONALD NELSON PRICE                Case No.:  05-42744-DOT
          MARY C. PRICE,                                    Chapter 7
          Debtors.

# MEMORANDUM OPINION AND ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SET OFF OR SURCHARGE EXEMPT PROPERTY

This matter came to be heard on the trustee's motion for authority to set off and/or surcharge exempt property filed by Lynn L. Tavenner, Chapter 7 Trustee for the bankruptcy estate of Ronald Nelson Price and Mary C. Price. A hearing on the motion has been held, and the court has considered the evidence and argument of counsel.

In consideration of the motion, the trustee's memorandum in support thereof, and the evidence and arguments presented at hearing, the court makes the following determinations and findings:

## Jurisdiction

This court has jurisdiction to hear this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 105. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Procedural Background

On October 15, 2005, debtors Ronald Nelson Price and Mary C. Price filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On September 29, 2006, the court, upon debtors' motion, entered an order converting debtors' case to one under chapter 13. On March 15, 2007, upon the trustee's motion, the court entered an order reconverting debtors' case to one under chapter 7. The trustee was reappointed trustee in this case and continues to so serve.

In an order entered in this case on March 22, 2007, the court instructed debtors to

"make all or any part [of bankruptcy estate property] available to the trustee, when requested to do so" and that the debtors "shall cooperate with the Trustee as is necessary to enable the Trustee to perform the Trustee's duties as required by law."

### **Findings of Fact**

All evidence admitted at hearing came in the form of the trustee's testimony and exhibits A - F, introduced by the trustee. Debtors were present at the hearing and were represented by counsel but did not testify or otherwise offer any evidence.

Uncontroverted evidence admitted at the hearing on the motion establishes that debtors have, at a minimum, concealed (by knowingly omitting from their bankruptcy schedules) and have failed to account for:

(a) $110,150.00 cash distributed to debtor Ronald N. Price within 100 days prior to the petition date (see, Trustee's Exhibit A, which, *inter alia*, contains six cancelled checks payable to Ronald N. Price, negotiated between July 11, 2005 and October 14, 2005, and totaling $110,150.00);

(b) $7,325.69 proceeds in debtors' Wachovia checking account on the petition date (see Trustee's Exhibit D, showing $7,375.69 to be the balance in debtors' joint Wachovia account on the petition date, not the $50.00 disclosed in debtors' schedules);

(c) A 1999 Chevrolet pick-up titled to debtors and purchased by debtors for $10,000.00 cash within 100 days prior to the petition date (see Trustee's Exhibit C, the certificate of title for the vehicle); and

(d) $300,944.27 in proceeds in a non-exempt profit sharing plan on the petition date (see Trustee's Exhibit B, showing a $300,944.27 balance on the petition date).

2

The assets listed above (in the total amount of $428,419.69) shall be referred to as the Undisclosed Assets.

The trustee's testimony established that the existence of the Undisclosed Assets did not come to light until nearly one and one-half years after the petition date and only then after she, through her professionals, had undertaken extensive discovery in this case that brought them to light. The Undisclosed Assets constitute non-exempt property of the estate that the trustee may use, sell, or lease under 11 U.S.C. § 363.[1]

At hearing, uncontroverted evidence established that the combined value of the Undisclosed Assets is not less than $428,419.96 and that the trustee has directed debtors to turn over the Undisclosed Assets to her or to account for those assets. Further uncontroverted evidence established that, notwithstanding the trustee's demands, debtors have failed or refused to provide the trustee with the requested accounting or turn over the Undisclosed Assets to her.[2] It is also uncontroverted that the trustee has incurred, on behalf of the estate, significant administrative costs in attempting to: a) discover all estate assets which were concealed by debtors; b) bring about debtors' compliance with their duties in this case; and c) compel turnover of estate assets to the trustee by debtors.

Debtors have recently asserted exemption claims with respect to some of the Undisclosed Assets, nearly one and one-half years after they knowingly failed to disclose them in their sworn bankruptcy schedules filed on the petition date (or otherwise disclose them at other junctures in the case calling for attestations under oath as to the accuracy of the schedules). The trustee has objected to the asserted exemption claims, and in an order entered this date, the court has sustained her objection. Debtors have also claimed an

---

[1] See the court's order entered this same date.
[2] Debtors had also refused to turn over possession of their real property so that the trustee might administer it. That matter has subsequently been resolved, and an order was entered on September 19, 2007, in which debtors were ordered to vacate the real property within fifteen days.

3

exemption in the amount of $8,799.00 and pursuant to Virginia Code § 34-4, with respect to certain real property commonly known as 8218 Ravenna Terrace, Chesterfield, Virginia (hereinafter, the "Real Property").  There has never been any type of exemption claimed with respect to the real property aside from the $8,799.00 claim pursuant to Va. Code § 34-4. It appears from debtors' schedules that whatever sale proceeds are realized by the trustee's sale of the real property will be far exceeded by the value of the Undisclosed Assets.

## Conclusions of Law

**A. The trustee may set off exempt property pursuant to *In re Ward*.**

In the Eastern District of Virginia, the court has previously permitted a trustee to set off the exempt funds in his possession against the value of non-exempt property the debtors have failed to turn over. *In re Ward*, 210 B.R. 531 (Bankr. D. Va. 1997) (Mitchell, J.). In *Ward,* the trustee discovered many months into the case that the debtors actually had nearly $9,000.00 in their checking account, not just the $100.00 they scheduled and also that the debtors had received and spent a little over $2,000.00 in tax refunds that were property of the estate. *Id*. at 532. The trustee had sold the debtors' real property and held the proceeds of sale subject to a $10,000.00 homestead exemption claim asserted by the debtors. When the debtors failed to turn over the approximately $11,000.00 in non-exempt bank account proceeds and tax refunds to the trustee, the trustee requested the court's authority to set off the exempt portion of the sale proceeds against the value of the funds which were property of the estate but which debtors had not turned over to him.

Judge Mitchell found the trustee's claim in *Ward* arose "from the debtors' willful breach of a positive statutory duty to deliver and account for property of the estate." *Id.* In

4

finding that the trustee in *Ward* had a right to set off the debtors' exempt property, Judge Mitchell said, "[t]o allow a debtor who has converted property of the estate to be paid his or her exemption without having to account to the trustee by way of setoff for the value of the converted property strikes at the very integrity of the bankruptcy process." *Id.* at 538.

Judge Mitchell also noted in *Ward* that "allowing the trustee to apply the exempt funds against the debtors' liability to the estate is supported by common sense and gives full effect to the homestead exemption, which is not being in any sense denied but is simply being applied by way of setoff to a mutual obligation arising post-petition" and observed, in further support of the court's ruling, that with the debtors having received the economic benefit of their homestead exemption once (by retaining and spending a sum roughly equivalent to their homestead exemption claim), "they are not entitled to receive it a second time." *Id.*

The fact pattern in this case is nearly identical to that in *Ward*, save for the fact that the value of property concealed and converted by debtors is far greater in this case. Debtors have concealed and converted non-exempt estate property with a value of over $400,000.00 and are therefore obligated to account to the estate for this amount.

To preserve the integrity of the bankruptcy process, to make the estate whole, and to prevent debtors from, in essence, receiving their homestead exemption (or any other exemption they might assert) a second time, the trustee should be permitted to set off the exempt funds that come into her possession against the value of non-exempt estate property that debtors have failed to turn over to her.

**B. Alternatively, the trustee may surcharge exempt property.**

So as to enforce a debtor's continuing obligation to cooperate with the trustee and

5

surrender to the trustee property of the estate, "a majority of courts hold that a bankruptcy court is empowered under § 105(a) to authorize the trustee to 'surcharge' the debtor's exempt assets to compensate the estate for property of the estate which the debtor refuses to surrender." *Scrivner v. Mashburn (In re Scrivner),* 370 B.R. 346, 351 (B.A.P. 10th Cir. 2007) (collecting cases and holding that a "bankruptcy court may authorize a trustee to 'surcharge' a debtor's exempt property to the extent necessary to make the estate whole where a debtor fails to turn over non-exempt property of the estate after being ordered to do so," and that "a bankruptcy court authorizing a 'surcharge' need not make a finding of fraud or hold the debtor in contempt."). *Id.* at 353. *See also Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004) (holding that "a bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code.").

Following *Latman*, the court in *Scrivner* held that not allowing the trustee to surcharge debtor's exempt property where non-exempt property had been withheld from the trustee by the debtor "would allow the debtor a windfall in that the debtor's recalcitrance would grant the debtor an avenue to steal from the estate. The debtor would leave bankruptcy with exempt assets *plus* the assets which he or she failed to turn over to the trustee. This result would be inequitable and at odds with specific provisions of the Bankruptcy Code. It is precisely the kind of situation § 105(a) was designed to remedy." 370 B.R. at 352 (footnote omitted).

In permitting the trustee to surcharge a debtor's exempt property, the court in *In re Mazon*, 368 B.R. 906 (Bankr. M.D. Fla. 2007) observed that concealing and failing to

turn over assets to a Chapter 7 trustee was tantamount to claiming an additional and unauthorized exemption "because the concealment and dissipation prevents administration of the assets by a trustee for the benefit of creditors." *Id.* at 909. In *Mazon,* the court further reasoned that a court's ability to issue surcharge orders is necessary to "prevent what would otherwise be a fraud on the court and on creditors caused by the debtor's failure to schedule and turn over estate assets." *Id.* at 910.

Courts have also permitted a trustee to surcharge debtor's exempt property for the estate's administrative fees incurred because of the debtor's failure or refusal to comply with its duties to cooperate with the trustee and deliver property of the estate to the trustee. *See In re Swanson*, 207 B.R. 76 (Bankr. D.N.J. 1997) (trustee allowed to subtract administrative expenses incurred because of debtor's recalcitrance from exempt proceeds of sale that trustee held).

Here, the trustee's uncontroverted evidence has established that debtors concealed and then withheld from the trustee non-exempt estate assets with a value exceeding $400,000.00. Also, debtors' recalcitrance and breach of their duties to cooperate with the trustee in this case has caused the estate to incur significant administrative expense. The value of non-exempt estate assets withheld by debtors far exceeds any exemption that they have asserted or could assert with respect to the real property.

Allowing the trustee to surcharge their statutory exemptions in this case is, as the Ninth Circuit Court of Appeals held in *Latman* "reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that [Debtors] exempt an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code." 366 F.3d at 786.

WHEREUPON, good cause having been shown and it otherwise appearing right and proper to so do, it is

**ORDERED** that the motion is **GRANTED**, and it is further

**ORDERED** that the trustee may set off any property claimed as exempt by debtors against the value of non-exempt estate assets which debtors have not turned over to the trustee, and it is further

**ORDERED** that the aggregate value of the non-exempt estate assets which debtors have not turned over to the trustee in this case is not less than $428,419.96., and it is further

**ORDERED** that the trustee, at her election, may set a hearing to present evidence that the value of non-exempt assets which debtors have not turned over exceeds $428,419.96, and it is further

**ORDERED** that the trustee, at her election, may set a hearing to present evidence regarding the costs which have been incurred by the estate as a result of debtors' failure to comply with their duties in this bankruptcy case, and it is further

**ORDERED** that alternatively, the trustee is authorized to surcharge any property claimed exempt by debtors in an amount equal to the aggregate value of non-exempt estate assets which debtors have not turned over to the trustee (with such value being not less than $428,419.96) plus the administrative costs incurred by the trustee as a result of debtors' failure to comply with their duties in this bankruptcy case, and it is further

**ORDERED** that the trustee may sell the real property and hold any proceeds which debtors allege are exempt in escrow, and it is further

**ORDERED** that the trustee may set off any portion of the escrowed proceeds of sale of the real property to the extent of $428,419.96 plus the amount of administrative

costs incurred by the trustee as a result of debtors' failure to comply with their duties in this bankruptcy case or the amount necessary to pay all allowed claims in this case (including administrative claims), whichever is less.

DATE: _____

/s/ Douglas O. Tice Jr.

Douglas O. Tice Jr.
Chief United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on Docket

SERVICE LIST

Lynn L. Tavenner, Trustee
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Trustee*

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
The Main Street Centre
600 East Main Street, Suite 301
Richmond, Virginia 23219

Richard O. Gates, Esquire
P.O. Box 187
Chesterfield, Virginia 23832
*Counsel for Debtors*

Mary C. Price
8218 Ravenna Terrace
Chesterfield, Virginia 23838

Ronald Nelson Price
PO Box 4151
Chester, Virginia 23831

Kevin A. Lake, Esquire
P.O. Box K-53
Richmond, Virginia 23288
*Counsel for Trustee*