UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  RONALD NELSON PRICE and                    Case No.: 05-42744-DOT
        MARY C. PRICE,                                      Chapter 7
        Debtors.

## MEMORANDUM OPINION AND ORDER DISALLOWING DEBTORS' AMENDED EXEMPTION CLAIMS

This matter came to be heard on the objection of the trustee, Lynn L. Tavenner, to the debtors' amended claim of exemptions. A hearing on the objection has been held, and the court has considered the evidence and argument of counsel.

In consideration of the objection, the trustee's memorandum in support, debtors' response to the objection, and the evidence and arguments presented at hearing, the court makes the following determinations and findings:

**Background**

On October 15, 2005, debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code. Lynn L. Tavenner was appointed trustee. Debtors' meeting of creditors pursuant to 11 U.S.C. § 341 was concluded on January 9, 2006. On September 29, 2006, the court, upon debtors' motion and over the objection of the trustee, entered an order converting debtors' case to one under chapter 13.

The trustee filed a motion to reconvert debtors' case to one under chapter 7 based upon, among other things, debtors' bad faith as evidenced by their concealment of assets and/or the true value of those assets.[1] On March 15, 2007, after an evidentiary hearing

---

[1] In support of the trustee's motion to reconvert, the trustee filed with the court her amended memorandum in support of the motion (Docket Entry No. 94) and attached numerous exhibits (at Docket Entry Nos. 94 - 103). The amended memorandum and exhibits thereto are incorporated herein by reference. The exhibits to the amended memorandum were admitted into evidence at the hearing on 3/12/07 and provide evidence that debtors knowingly omitted from their schedules (and/or understated the value of) several assets of significant value. The exhibits also provide uncontroverted evidence that debtors

and over the objection of debtors, the court entered an order reconverting debtors' case to one under chapter 7. Ms. Tavenner was reappointed trustee in this case and continues to serve.

## The Amended Exemption Claims

On March 23, 2007, over seventeen months after the petition date, debtors filed an amended Schedule B with the court, listing for the first time various items of personal property (the "Previously Undisclosed Property"). Also on March 23, 2007, debtors filed an amended Schedule C with the court, claiming the Previously Undisclosed Property exempt for the first time. In their amended Schedule C, debtors claimed the Previously Undisclosed Property fully exempt pursuant to Virginia Code § 34-34.

The Description of the Previously Undisclosed Property, as set forth in debtors' amended Schedule C, is as follows:

a. "Funds in husband's Deferred Profit Sharing Plan per husband's former employment at Phillip Morris, Inc., and any property purchased solely with those funds," $450,000.00.

b. "1999 Chevrolet Pickup purchased with DPS Funds (Phillip Morris)," $10,000.00.

c. "John Deere riding lawnmower purchased with DPS Funds (Phillip Morris)," $2,000.00

d. "Gazebo purchased with DPS Funds (Phillip Morris)," $4,000.00.

Debtor Ronald Price's Deferred Profit Sharing Plan (the "DPS") was set up on debtor Ronald Nelson Price's behalf by his former employer, Phillip Morris, USA, Inc.

---

knowingly understated their income and expenses, knowingly failed to disclose certain post-petition transfers of estate property, and knowingly failed to disclose certain pre-petition transfers of property.

Debtor Ronald Nelson Price retired from Phillip Morris prior to the petition date. By virtue of his retirement, there were no restrictions on his withdrawing funds from the DPS on the petition date. Debtor Ronald Nelson Price in fact withdrew over $110,000.00 in cash from the DPS in the approximately 100 days prior to the petition date. Debtors have refused to fully account for the disposition of those funds.

On the date debtors filed their amended Schedule C and disclosed for the first time the existence of the DPS and asserted a claim of exemption with respect thereto, there was no money in the DPS. Debtors, between the petition date and July 2006, withdrew over $300,000.00 in cash from the DPS and have not accounted for the disposition of those funds.

## CONCLUSIONS OF LAW

The court will sustain the trustee's objection and deny debtors' amended claims of exemptions. There are three grounds to deny the amended exemptions.

**Untimely claim of exemption.** A Virginia Code § 34-34 exemption must be claimed within the time limits prescribed by § 34-17. Va. Code Ann. § 34-34(G) (2005).[2] Section § 34-17 reads, in pertinent part, "To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy…shall set such real or personal property apart on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341, *but not thereafter*."  Va. Code § 34-17 (2005) (emphasis added).

Section § 34-34(G) has been construed by this court to mean that a debtor must list his retirement plan on Schedule C of his bankruptcy schedules within five days after

---

[2] Virginia Code § 34-34 was amended effective July 1, 2007 and § 34-34(G) became § 34-34(E). References in this Order are to the predecessor to the 2007 version of the statute, since it is the predecessor which was in effect on the petition date and is applicable herein.

3

the § 341 meeting. *See In re Bissell*, 255 B.R. 402, 421-422 (Bankr. E.D. Va. 2000) (Mitchell, J.); and *In re Heidel*, 215 B.R. 814, 818 (Bankr. E.D. Va. 1997) (Bostetter, J.), *aff'd,* 1999 WL 511029 (4th Cir. 1999) (holding that where Schedule C amended more than five days after § 341 meeting of creditors to add an IRA for the first time, exemption claim disallowed because § 34-17 requires exemption be claimed within five days after the meeting of creditors).

Debtors' § 341 meeting was concluded on January 9, 2006, making January 14, 2006 the deadline for debtors to assert their § 34-34 exemption.[3] Debtors' § 34-34 exemption claim was first asserted in amended Schedule C on March 23, 2007, and was therefore untimely. It must now be disallowed because it was filed after the deadline established by § 34-17.

**Debtors' voluntary transfer or concealment of proceeds precludes their exemption.** Section 522(g)(1) of the Bankruptcy Code prevents exemption of voluntarily transferred or concealed proceeds. In this case, debtors voluntarily transferred the funds out of the DPS before they disclosed its existence to the court or the trustee. Debtors have failed to account for those funds.

Should the trustee seek to recover the DPS assets under §§ 510(c)(2), 542, 543, 550, 551, or 553 of the Bankruptcy Code, § 522(g) would permit debtors to exempt any property recovered by the trustee only if "such transfer was not a voluntary transfer of such property by the debtor" and "the debtor did not conceal such property." 11 U.S.C. § 522(g)(1)(A) and (B). Debtors, until the filing of their amended Schedule C, concealed the existence of the DPS. Therefore, pursuant to § 522(g), debtors do not have a right to

---

[3] The applicable version of Va. Code § 34-17 has been construed to mean that the exemption claim must be filed on or before the fifth day after the § 341 meeting is concluded. *See In re Stewart*, 360 B.R. 132, 137-38 (Bankr. E.D. Va. 2006).

4

exempt the transferred proceeds of the DPS. *See Tavenner v. Smoot (In re Smoot)*, 265 B.R. 128, 142 (Bankr. E.D. Va. 1999) (Tice, C.J.) (debtor who voluntarily transferred what would have been exempt property prepetition not permitted to exempt it if or when it is brought back into bankruptcy estate by trustee); and *In re Villegas*, 364 B.R. 781, 786 (Bankr. D.N.M. 2007) (debtor prevented by 522(g) from making exemption claim as to property she voluntarily transferred post-petition where such transfer was avoidable by the trustee under § 549 and recoverable for the estate under § 550). *See also Bargeski v. Rose*, 2006 WL 1238742, at *1 (D. Md. Mar. 31, 2006) (noting, with approval, bankruptcy court's denial of an amended exemption because debtor had made a post-petition transfer of an asset and "no longer own[ed] any interest in the property that she [sought] to exempt. All that she [would accomplish] by the amendment [would be] to abuse the bankruptcy process.").

In addition, there is no protection for DPS funds withdrawn prior to the petition date, as those funds were taken in the form of cash and there is no evidence that they were placed in any account or plan entitled to protection under § 34-34. This court and the bankruptcy court in the Western District of Virginia have consistently rejected the "tracing" argument implicitly advanced by debtors in making their claim of exemption as to the DPS "and any property purchased solely with those funds." *See Phillips v. Bottoms*, 260 B.R. 393, 396 (E.D. Va. 2000) (no ERISA protection for funds once they have been disbursed from 401(k) plan); *In re Ekanger*, 1999 WL 671866, at * 2-3 (Bankr. E.D. Va. May 17, 1999) (prepetition disbursement from 401(k) to debtor constitutes control over funds by debtor which nullifies any protection such funds enjoyed prior to disbursement); *Johnston v. Mayer (In re Johnston)*, 218 B.R. 813 (Bankr. E.D. Va. 1998) (Bostetter, C.J.); *NCNB Fin. Servs. Inc. v. Shumate*, 829 F. Supp. 178 (W.D. Va. 1993),

5

*aff'd sub nom. Nationsbank of N.C., N.A. v. Shumate,* 45 F.3d 427 (4th Cir. 1994) (once the line of actual receipt is crossed, ERISA no longer protects funds originating in pension plan).

**Debtor's bad faith.** Debtors' bad faith also bars the newly claimed exemptions. Debtors' fraudulent misrepresentations (about the true extent and value of their property, transfers made by debtors, their debts, and their income and expenses) are present in nearly every aspect of their schedules and statements filed in this case. Uncontroverted evidence of debtors' perjury in this case is summarized in the trustee's amended memorandum in support of the motion to reconvert and provided in the form of the exhibits to that memorandum. *See supra* note 1.

The Fourth Circuit Court of Appeals has held that a debtor's bad faith may prevent that debtor from amending the petition or schedules filed in the case. *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 979 (4th Cir. 1984) (citing *In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982), which held bad faith or prejudice to creditors might bar amendment to claimed exemptions).[4] *See also In re Hamlett*, 304 B.R. 737, 742 (Bankr. M.D.N.C. 2003) ("[I]t is a well-established principle of bankruptcy law that amendments to exemptions may be denied upon a showing of bad faith such as concealment of the asset sought to be exempted…or upon a showing of prejudice to creditors or other parties in interest."); *In re Krapf*, 2006 Bankr. LEXIS 2261, at *3-6 (Bankr. D.S.C. 2006) (observing that the bankruptcy courts in South Carolina have held that intentional concealment of property will bar debtor from exempting it after it surfaces).

Multiple circuit courts of appeals that have passed upon the issue have held that

---

[4] *Tignor* was decided under the predecessor to Rule 1019, but the language of the former rule is virtually identical to Rule 1019.

debtor's bad faith, including failure to disclose property that the debtor knew about on the petition date, is grounds for denying debtor leave to amend schedules or disallowing the exemptions claimed therein. *See Hannigan v. White (In re Hannigan)*, 409 F.3d 480, 481-482 (1st Cir. 2005) (amended exemptions disallowed where debtor intentionally undervalued property he sought to later exempt); *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 888 (8th Cir. 2002) (amended exemptions may be disallowed for bad faith, such as concealment of property); *In re Yonikus*, 996 F.2d 866 (7th Cir. 1993) (amendment to exemptions denied where debtor attempts to exempt previously undisclosed asset and there is prejudice to creditors); *Calder v. Job (In re Calder)*, 973 F.2d 862, 867-68 (10th Cir. 1992) (right to assert amended exemptions may be denied where there is bad faith); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982).

As noted above, the property that debtors now seek to exempt in their amended Schedule C (the funds in the DPS "and any property purchased solely with those funds") is property which debtors knowingly failed to disclose in their original schedules filed over eighteen months ago.  The existence of this property came to light only after the trustee undertook extensive discovery in this case. The trustee and creditors of the bankruptcy estate have been prejudiced by debtors' failure to disclose and claim as exempt the Previously Undisclosed Property until seventeen months after the petition was filed.  The court is satisfied that the claimed exemption of the Previously Undisclosed Property, pursuant to Virginia Code § 34-34, should be disallowed, and the trustee should be permitted to liquidate the Previously Undisclosed Property free and clear of any exemption claim.

For the reasons stated, it is

7

ORDERED that the amended claims of exemption asserted by debtors, pursuant to Virginia Code §§ 34-34 with respect to: a) "Funds in husband's Deferred Profit Sharing Plan per husband's former employment at Phillip Morris, Inc., and any property purchased solely with those funds," b) "1999 Chevrolet Pickup purchased with DPS Funds (Phillip Morris)," c) "John Deere riding lawnmower purchased with DPS Funds (Phillip Morris)," and d) "Gazebo purchased with DPS Funds (Phillip Morris)," are each disallowed and any liquidation or disposition of those assets by the trustee shall be free and clear of said exemption claims.

DATE: _____

                                        Douglas O. Tice Jr.
                                        Chief United States Bankruptcy Judge

                                        NOTICE OF JUDGMENT OR ORDER
                                        Entered on Docket

Copies to:

Lynn L. Tavenner, Trustee
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
The Main Street Centre
600 East Main Street, Suite 301
Richmond, Virginia 23219

Richard O. Gates, Esq.
P.O. Box 187
Chesterfield, Virginia 23832

Mary C. Price
8218 Ravenna Terrace
Chesterfield, Virginia 23838

Ronald Nelson Price
PO Box 4151
Chester, Virginia 23831

Kevin A. Lake, Esq.
P.O. Box K-53
Richmond, Virginia 23288